# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MILEWSKI, | Case No.: 3:19-cv-00095-MMD-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF Nos. 3, 5, 6 |
| PHILLIP J. KOHN, | |
| Defendant. | |

Plaintiff Richard Milewski is an inmate currently incarcerated within the Nevada Department of Corrections (NDOC), and is being housed at Ely State Prison (ESP). He filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) The complaint was not accompanied by either the filing fee or an inmate application to proceed in forma pauperis. He subsequently filed a motion for an extension of time until April 19, 2019, to file a formal complaint, an IFP application or pay the filing fee. (ECF No. 3.) He also filed a motion to perpetuate testimony (ECF No. 5), and a motion for an injunction (ECF No. 6).

## I. PLAINTIFF MUST FILE A COMPLETED INMATE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE FILING FEE

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent)

for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff's motion for an extension of time to file a completed IFP application for an inmate or pay the full filing fee is granted.

## II. THE COMPLAINT AND THE SCREENING REQUIREMENT

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint. It asserts that the following constitutional violations occurred in the context of his criminal investigation and conviction: Plaintiff's Fifth Amendment right to due process; the Sixth Amendment right to effective assistance of counsel; the right to cruel and unusual punishment under the Eighth Amendment; as well as the right to equal protection under the Fourteenth Amendment.

As it stands, the complaint includes *no factual allegations* to support the claimed violations of Plaintiff's constitutional rights. To survive screening, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, while there are no factually allegations for the court to consider, Plaintiff's complaint appears to assert claims that are not properly brought in a civil rights lawsuit under section 1983. Instead, claims such as a violation of the Sixth Amendment right to effective assistance of counsel must be brought in a habeas action.

Thus, Plaintiff's motion for an extension of time to file a formal complaint (which will be an amended complaint) is granted.

Plaintiff is advised that to the extent he seeks to challenge his conviction or sentence, he may not bring an action under section 1983 unless his conviction or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477 (1994). If the conviction or sentence is not invalidated, his sole remedy is a petition for writ of habeas corpus which may only be filed in federal court after state court remedies are exhausted.

If Plaintiff takes issue with action taken by the prosecuting attorney in connection with the charges brought against him and his trial, both federal and Nevada law provide that the prosecutor has absolute immunity with respect to initiating a prosecution and presenting the State's case. *See Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Nevada V. Dist. Ct.*, 55 P.3d 420, 424, n. 17 (Nev. 2002) (citation omitted).

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

### III. MOTION TO PERPETUATE TESTIMONY

Plaintiff's motion to perpetuate testimony (ECF No. 5) is denied since there is no operative complaint on file as no IFP application has been filed, and the filing fee has not been paid.

### IV. MOTION FOR AN INJUNCTION

Finally, Plaintiff's request for an injunction (ECF No. 6) is denied without prejudice. The motion seeks an injunction that all listed defendants "cease all activity related towards Mr. Milewski."

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the parties' positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1983). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, the moving party must establish: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

The Prison Litigation Reform Act (PLRA) requires that prisoner litigants satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The "relief sought must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff has not addressed any of the *Winter* factors that are a prerequisite to obtaining injunctive relief. In addition, his motion as well as the complaint filed is so devoid of facts that the court could not consider a request for injunctive relief at this juncture. Finally, the

requested relief is not narrowly drawn as Plaintiff seeks a broad injunction that the defendants cease all activity toward him, without describing what such activity entails.

### V. CONCLUSION

(1) Plaintiff's motion for an extension of time to file a formal complaint, an application to proceed IFP or to pay the filing fee (ECF No. 3) is **GRANTED**. Plaintiff has up to and including **April 19, 2019**, to file: an application to proceed IFP by an inmate or to pay the filing fee, and an **amended complaint**. The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFO for an inmate. Plaintiff shall file the completed inmate IFP application along with the financial certificate by April 19, 2019, or pay the full $400 filing fee. If Plaintiff's case is dismissed on screening, the filing fee will not be refunded. If the completed IFP application is not filed, or the full filing fee not paid, by April 19, 2019, the action may be dismissed without prejudice. Likewise, if Plaintiff fails to file an amended complaint by that date, the action may be dismissed. The Clerk shall also **SEND** Plaintiff a form section 1983 civil rights complaint.

(2) Plaintiff's motion to perpetuate testimony (ECF No. 5) is **DENIED.**

(3) Plaintiff's request for an injunction (ECF No. 6) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 11, 2019.

William G. Cobb
United States Magistrate Judge