**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RICHARD MILEWSKI, | ) | 3:19-cv-00095-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| PHILLIP J. KOHN, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff submitted his civil rights complaint to the court on or about February 14, 2019. (ECF No. 1.) No filing fee or application to proceed in forma pauperis (IFP) accompanied Plaintiff's complaint. The court issued an Advisory Letter to Plaintiff that instructed Plaintiff that if he intended to proceed IFP, he had to file an application to do so:

> • ***In Forma Pauperis* Application**: If you intend to proceed *in forma pauperis*, you must complete an application to proceed *in forma pauperis* on this Court's approved form and attach both an inmate account statement for the past six months and a properly executed financial certificate. The Court will not screen your case until you file a fully complete application to proceed *in forma pauperis* on the correct form with complete financial attachments. (Local Special Rule 1-1, 1-2)

(ECF No. 2, 2/20/19.)

Plaintiff thereafter filed a motion to extend the deadline to file his IFP application to April 19, 2019 (ECF No. 3, 3/8/19), which motion the court granted extending Plaintiff's deadline to either pay the filing fee or submit a properly completed IFP application. (ECF No. 7 at 6, 3/11/18.) On April 3, 2019, Plaintiff filed another motion to extend time to comply with the court's March 11, 2019, order.

(ECF No. 13.) The court granted Plaintiff until May 20, 2019, to comply with the court's order. (ECF No. 14.)

As Plaintiff was advised in this court's order (ECF No. 7), under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both, the court must screen an inmate's § 1983 complaint before litigation on the complaint may proceed. As Plaintiff was also advised, the court must dismiss an inmate's complaint which is "frivolous or malicious" or which fails to state a claim upon which relief can be granted. Once the inmate Plaintiff has filed a completed IFP application (or paid the filing fee), the court will proceed to screen Plaintiff's complaint under § 1915 standards. (ECF No. 7 at 1-3.) Because Plaintiff still has not submitted a completed IFP application, the court cannot proceed to screen Plaintiff's complaint. (ECF Nos. 2,7.)

Although the court did not formally screen Plaintiff's complaint when granting the initial requested extension to file his IFP application, the court nevertheless undertook a preliminary review of his complaint. (ECF No. 7.) The court cautioned Plaintiff that the court had reservations whether Plaintiff's civil rights complaint stated a viable § 1983 action. (*Id.* at 2-4.) The court granted leave to Plaintiff to file an amended complaint to attempt to correct the deficiencies the court outlined in its order. Because of the importance of the court's prior orders, a copy of ECF No. 7 shall accompany this order.[1]

Any amended complaint should accompany an application for IFP status and be filed no later than the current deadline of May 20, 2019.

Plaintiff has submitted "Notices" to the court that certain of his filings which were intended for filing in 3:19-cv-00094-MMD-WGC may have been filed in another of Plaintiff's civil rights action, 3:19-cv-00095-MMD-WGC (or vice versa). The court will not correct mis-filed documents through "Notices." However, Plaintiff is advised the court did address a request for an injunction (ECF No. 6) in its March 11, 2019, order. (ECF No. 7.) The injunctive relief Plaintiff sought was denied. (*Id.*)

---

[1] If Plaintiff chooses to file an amended complaint, he can at that time correct the names of the Defendants which may have been misspelled. *See, e.g.,* ECF No. 8. Any amended complaint must be complete in and of itself and may not incorporate allegations of prior filings.

Because there is no operative complaint which has been screened (because Plaintiff has not yet provided the court a completed IFP application), as the court also ordered in ECF No. 19 (addressing Plaintiff's motions) ECF Nos. 20, 21, 22 are similarly denied without prejudice as being premature.

Plaintiff should endeavor to adhere to the May 20 deadline for filing his properly completed IFP application and any amended complaint which attempts to satisfy the deficiencies of the current complaint as were noted in ECF No. 7. Barring extraordinary circumstances, the court will not address any further filings in this matter until Plaintiff has satisfied the filing requirements and the court has screened Plaintiff's complaint.

**IT IS SO ORDERED.**

DATED: April 24, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE