UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MILEWSKI | Case No.: 3:19-cv-00095-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF Nos. 26, 27, 28, 29 |
| PHILLIP J. KOHN, *et al*., | |
| Defendants. | |

Plaintiff has filed three motions for emergency injunctions. (ECF Nos. 26, 27, 28.) Plaintiff has also filed a request for an extension. (ECF No. 29.)

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action. Plaintiff filed his complaint on February 20, 2019, without paying the filing fee or completing an application to proceed in forma pauperis (IFP). (ECF No. 1-1.)

On March 8, 2019, he filed a motion for an extension of time until April 19, 2019, to file a formal complaint and to file the IFP application or pay the filing fee. (ECF No. 3.) That same day, he filed a notification of interrogatories (ECF No. 4), motion to perpetuate testimony (ECF No. 5), and request for an injunction (ECF No. 6).

On March 11, 2019, the court issued an order granting Plaintiff's request for an extension of time to file a completed IFP application or pay the full filing fee. (ECF No. 7.) The court undertook a preliminary review of the complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, which require dismissal of a complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. The court pointed out that Plaintiff's complaint included absolutely no factual allegations to support the claimed violations of his constitutional rights. In addition, the complaint asserted claims that were not properly brought in a civil rights action under section 1983 unless the underlying conviction had been invalidated. Instead, such claims should be asserted in a habeas petition after applicable state remedies are exhausted. As a result, the court granted Plaintiff's request for an extension of time to file a formal complaint. He was cautioned that any amended complaint must not seek to challenge his conviction or sentence unless the conviction or sentence has been invalidated. He was also advised that insofar as he alleged violations by the prosecuting attorney in his criminal case, prosecutors are entitled to absolute immunity with respect to initiating a prosecution and presenting the State's case.

Finally, the court denied the motion to perpetuate testimony because there was no operative complaint on file, and denied the motion for an injunction without prejudice because he did not address the factors that are a prerequisite to granting injunctive relief.

Plaintiff was given until April 19, 2019, to file his IFP application or pay the full filing fee, and to file an amended complaint. He was cautioned that a failure to do so may result in dismissal of his action without prejudice.

On March 28, 2019, Plaintiff filed several more motions, including: a request for informal settlement discussions, a motion for an order compelling disclosure or discovery, and a motion for

an order setting an early mediation conference. (ECF Nos. 9, 10, 11.) The following day, the court denied the motions without prejudice as premature because Plaintiff still had not paid the filing fee or an IFP application, and had not filed an amended complaint. (ECF No. 12.)

On April 3, 2019, Plaintiff filed a request for extension of time, until May 20, 2019, to comply with the court's order at ECF No. 7. (ECF No. 13.) The following day, the court granted the motion and gave Plaintiff until May 20, 2019 to comply with ECF No. 7. (ECF No. 14.)

On May 11, 2019, Plaintiff filed another request for an injunction. (ECF No. 15.) Once again, he did not address the factors that are a prerequisite for injunctive relief, despite having been advised of this requirement in the court's prior order. In fact, the motion contained no *factual* assertions at all, other than to say that some of the defendants were still violating his rights. He also filed another motion requesting informal settlement discussions, a motion to compel discovery, and a proposed order setting an early inmate mediation conference, even though the court had previously denied similar motions because he had not paid the filing fee or completed an IFP application, and no operative complaint was on file. As a result, on April 12, 2019, the court denied these motions without prejudice as premature. (ECF No. 19.) Plaintiff was advised again of the May 20, 2019 deadline to pay the filing fee or complete an IFP application and file an amended complaint.

On April 22, 2019, Plaintiff filed three requests for judicial notice and two notifications of motions. (ECF Nos. 20, 21, 22, 23, 24.) He stated that he submitted three motions to the court which were mistakenly filed in case 3:19-cv-00094-MMD-WGC, and moved to strike them and file them in this case. He also notified the court of incorrect spelling of a defendant's name, and the correct last name of a defendant.

On April 24, 2019, the court issued an order denying these motions without prejudice. (ECF No. 25.) The court reminded Plaintiff that the litigation would not proceed until he paid the filing fee or filed a completed IFP application as well as an amended complaint. Plaintiff was directed to adhere to the May 20 deadline to file his IFP application (or pay the filing fee) and his amended complaint. The court cautioned Plaintiff that absent extraordinary circumstances, it would not consider further filings until Plaintiff had satisfied the requirements of ECF No. 7.

On May 6, 2019, Plaintiff filed another request for an extension of time, to June 19, 2019, to file his IFP application, stating that NDOC had failed to comply with his request for a financial statement. (ECF No. 29.)

Plaintiff has filed this request for an extension before the current deadline of May 20, 2019, has expired. Therefore, Plaintiff's motion (ECF No. 29) is **DENIED** as premature.

Plaintiff also has until May 20, 2019, to file his amended complaint. While NDOC may be frustrating Plaintiff's ability to get a financial certificate to file his IFP application, Plaintiff has not indicated any circumstance that will prevent him from filing his amended complaint.

Plaintiff has filed duplicative motions in this case after being explicitly told that he must comply with the court's order for litigation in this matter to proceed. The requests for injunctive relief do not address the *Winter* factors discussed in ECF No. 7. As with the prior requests for injunctions, these requests do not give any specific factual assertions that would justify the extraordinary and drastic remedy of injunctive relief. Moreover, the motions indicate that Plaintiff takes issue with conduct of court proceedings in State court. If that is the case, Plaintiff should seek relief in State court. Therefore, those motions (ECF Nos. 26, 27, 28) are **DENIED WITHOUT PREJUDICE.**

If the filing fee is not paid or the IFP application filed along with an amended complaint by **May 20, 2019**, this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: May 8, 2019.

_____
William G. Cobb
United States Magistrate Judge