# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MILEWSKI, | Case No.: 3:19-cv-00095-MMD -WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 31 |
| PHILLIP J. KOHN, et. al., | |
| Defendants | |

Before the court is Plaintiff's Request for Extension until June 19, 2019, to comply with the court's order to either file a completed prisoner application to proceed in forma pauperis (IFP) or pay the filing fee. (ECF No. 31.)

Plaintiff is an inmate in the Nevada Department of Corrections (NDOC), proceeding pro se with this action. He filed his original complaint on February 20, 2019, without paying the filing fee or completing an IFP application. (ECF No. 1-1.)

On March 8, 2019, he filed a motion for extension of time, until April 19, 2019, to file a formal complaint and file the IFP application or pay the filing fee. (ECF No. 3.) That same day, he filed a notification of interrogatories (ECF No. 4), motion to perpetuate testimony (ECF No. 5) and request for injunction (ECF No. 6).

On March 11, 2019, the court granted Plaintiff's request for an extension of time to file a completed IFP application or pay the filing fee. (ECF No. 7.) In addition, the court undertook a preliminary review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which require dismissal of a complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant immune from

such relief. The court pointed out that Plaintiff's complaint included no factual allegations to support the claimed violations of his constitutional rights. The complaint also asserted claims that were not properly brought in a civil rights action under section 1983, unless the underlying criminal conviction had been invalidated. Instead, the court noted such claims should be asserted in a habeas petition after applicable state law remedies are exhausted. As a result, the court also granted Plaintiff's request for an extension of time to file a formal complaint. Plaintiff was cautioned that any amended complaint must not seek to challenge his conviction or sentence unless the conviction or sentence has been invalidated. He was also advised that insofar as he alleged violations by the prosecuting attorney in his criminal case, prosecutors are entitled to absolute immunity with respect to initiating a prosecution and presenting the State's case. Finally, the court denied the motion to perpetuate testimony because there was no operative complaint on file, and denied the motion for injunctive relief without prejudice because Plaintiff did not demonstrate he was entitled to such relief.

He was given until April 19, 2019, to file his IFP application or pay the full filing fee, and to file an amended complaint. He was cautioned that a failure to do so may result in dismissal of his case without prejudice.

On March 28, 2019, Plaintiff filed several additional motions, including: a request for informal settlement discussions, a motion for an order compelling disclosure or discovery, and a motion for an order setting an early mediation conference. (ECF Nos. 9, 10, 11.) The court denied the motions as premature. Plaintiff still had not paid the filing fee or filed an IFP application or amended complaint, and no defendant had been served. (ECF No. 12.)

On April 3, 2019, Plaintiff requested an extension of time, until May 20, 2019, to comply with ECF No. 7. The court granted the motion, and gave Plaintiff an extension to May 20, 2019,

to comply with the order to file a completed IFP application or pay the full filing fee, and file an amended complaint. (ECF No. 14.)

On May 11, 2019, even though he had not filed an amended complaint or paid the filing fee or filed an IFP application, he filed another request for an injunction. In addition, despite being advised of the factors that must be addressed as a prerequisite to obtaining injunctive relief, Plaintiff's motion once again did not demonstrate he was entitled to injunctive relief. In fact, that motion contained no factual assertions at all. (ECF No. 15.) Plaintiff filed another motion requesting informal settlement discussions, a motion to compel discovery, and a proposed order setting an early mediation conference, even though the court previously denied similar motions as premature because he had not paid the filing fee or filed an IFP application or his amended complaint. The court denied these motions as premature again. (ECF No. 19.) Plaintiff was reminded at that time of the May 20, 2019 deadline to pay the filing fee or complete an IFP application and file an amended complaint.

On April 22, 2019, Plaintiff filed three requests for judicial notice and two notifications of motions. (ECF Nos. 20, 21, 22, 23, 24.) The court denied these motions without prejudice on April 24, 2019. (ECF No. 25.) The court reminded Plaintiff yet another time that the litigation would not proceed until he paid the filing fee or filed a completed IFP application along with his amended complaint. He was directed to adhere to the May 20 deadline. The court cautioned Plaintiff that absent *extraordinary* circumstances, it would not consider further filings until he had satisfied the requirements of ECF No. 7.

On May 6, 2019, Plaintiff filed another request for an extension of time, until June 19, 2019, to file his IFP application, stating that NDOC had failed to comply with his request for a financial statement. (ECF No. 29.) The court denied the request as premature,

because Plaintiff had until May 20 to comply with the court's order. In addition, Plaintiff did not set forth any facts that would preclude him from timely filing his amended complaint. He also filed additional motions for injunctive relief, that for the third time did not address the *Winter* factors discussed in ECF No. 7. In any event, the requests for injunctive relief, like those previously filed, did not include factual assertions that would justify the extraordinary remedy of injunctive relief. In addition, they took issue with the conduct of State court proceedings. The court advised Plaintiff that such matters should be addressed in State court, and not a request for injunctive relief in federal court. The court noted that Plaintiff had filed duplicative motions after being explicitly told on multiple occasions that he must comply with the court's order for this litigation to proceed and that the motions were premature and/or improper.

Finally, Plaintiff was instructed that if the filing fee was not paid or an IFP application filed along with an amended complaint by May 20, 2019, Plaintiff's action would be dismissed without prejudice. (ECF No. 30.)

On May 20, 2019, Plaintiff did not file a completed application to proceed IFP or pay the full filing fee. He also did not file an amended complaint. Instead, he filed another request for extension of time, until June 19, 2019, to comply with the court's order, asserting that NDOC has failed to comply with his request for a financial statement. (ECF No. 31.) Plaintiff does not assert what efforts he has undertaken to obtain a financial statement from NDOC. Nor has the court had any problem with other inmates obtaining a financial statement from NDOC. Additionally, Plaintiff has not complied with the court's order that he file an amended complaint by May 20, 2019.

For these reasons, Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**, and the Clerk shall administratively **close** this case.

Plaintiff is advised that if he seeks to file a new action, he must keep the court's prior orders in mind: i.e., he may not file a civil rights action under 1983 that challenges his conviction or sentence unless the conviction or sentence has been invalidated. Instead, such a case is properly brought as a habeas action after applicable State remedies are exhausted; prosecutors are entitled to absolute immunity with respect to initiating a prosecution and presenting the State's case; and a request for injunctive relief must address the *Winter* factors outlined in ECF No. 7.

Plaintiff is further advised that section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore section 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil*, 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run." *Id*. (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id*. at 574 (citation omitted). The discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case. *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Federal courts apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law, to civil rights claims filed under section 1983. *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000) (citations omitted). "[T]he applicable statute of

limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) (citations omitted); *see also Soto v. Sweetman*, 882 F.3d 865 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 480 (Nov. 13, 2018).

Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Order within fourteen days of being served with a copy of the Order. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the district judge.

**IT IS SO ORDERED**.

Dated: May 21, 2019

_____
William G. Cobb
United States Magistrate Judge