# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD MILEWSKI, | Case No. 3:19-cv-00095-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| PHILLIP J. KOHN, *et al.*, | |
| Defendants. | |

Before the Court is the United States Magistrate Judge William G. Cobb's order (ECF No. 32) recommending dismissal without prejudice. The Court construes the order as a report and recommendation ("R&R").[1] Plaintiff has filed an objection to the R&R ("Objection"). (ECF No. 33.) For the reasons discussed herein, the Court overrules Plaintiff's Objection and directs dismissal without prejudice.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In light of Plaintiff's Objection, the Court has conducted a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. The Magistrate Judge recommended that this action be dismissed without prejudice due to Plaintiff's failure to comply with the Court's order to either pay the filing fee or submit an IFP application and to file an amended complaint. Having reviewed the R&R and the filings in this case, the Court agrees with Judge Cobb.

---

[1] While the R&R states that Plaintiff's claims are dismissed without prejudice, Judge Cobb identified the time period for Plaintiff to file his objection under 28 U.S.C. 636(b)(1)(C) because the content of the R&R addresses a dispositive matter (i.e., dismissal). (ECF No. 32 at 4, 6.)

| | |
|---|---|
| 1 | The Court briefly summarizes the filings that demonstrate Plaintiff's failure to comply with the order relating to his initial filings.[2] On February 20, 2019, Plaintiff initiated this action by filing a complaint but did not pay the filing fee or complete an IFP application to waive such fee. (ECF No. 1.) On March 11, 2019, the Court granted this request for extension and gave Plaintiff until April 19, 2019, to correct the filing fee deficiencies—either by paying the filing fee or submitting an IFP application. (ECF No. 7 at 6.) At the same time, the Court conducted a preliminary review of the proposed complaint and identified deficiencies in that filing for Plaintiff to correct to avoid denial of his IFP application and dismissal. (*Id.* at 3-4.) The Court similarly gave Plaintiff until April 19, 2019, to correct such filing deficiencies by filing an amended complaint. (*Id.* at 6.) On April 3, 2019, Plaintiff requested another extension until May 20, 2019 to correct his filing deficiencies (ECF No. 13.) The Court granted Plaintiff's request. (ECF No. 14.) On April 24, 2019, in addressing other improperly filed motions despite the admonishment to refrain from such filings, the Court cautioned Plaintiff of the need to comply with the May 20, 2019 deadline to correct the deficiencies of his initial filings. (ECF No. 25.) On May 6, 2019, Plaintiff filed another motion for extension of time until June 19, 2019, contending that "the Nevada Department of Corrections ["NDOC"] has failed to comply with the Plaintiff's request for a 6 month financial statement" which means he cannot comply with the order directing him to file an IFP application. (ECF No. 29 at 1.) Judge Cobb denied the request as premature and reminded Plaintiff that even if NDOC frustrated Plaintiff's effort to obtain a financial certificate to file his IFP application, Plaintiff could still comply with the deadline to file an amended complaint.[3] (ECF No. 30.) |

---

[2]The R&R further summarizes Plaintiff's numerous other motions filed despite being warned repeatedly that the Court would not address these motions on the merits until Plaintiff properly initiates the action. (ECF No. 32 at 2-4.)

[3]On May 20, 2019, Plaintiff filed another extension request until June 19, 2019, identifying the same reason—NDOC's failure to provide his financial statement. (ECF No. 31 at 1.)

The Court agrees with Judge Cobb that Plaintiff has failed to cure the initial filing deficiencies despite being given several extensions of time to do so. As noted, after Judge Cobb issued the R&R, Plaintiff filed another motion asking for an extension until June 19, 2019, to file his IFP application.[4] (ECF No. 31.) However, there are several issues with Plaintiff's current motion, as Judge Cobb explained in the R&R in addressing a similar extension request. Plaintiff does not identify what he has done to try to obtain the financial certification from NDOC such that he has been unable to file his IFP application since being notified in the March 11, 2019 order of the need to submit the IFP application. Plaintiff also does not explain why he is unable to file an amended complaint while apparently spending time filing frivolous motions.

For these reasons, the Court agrees with Judge Cobb's recommendation to dismiss this action without prejudice.

It is therefore ordered that Judge Cobb's recommendation (ECF No. 32) is adopted.

It is further ordered that this action is dismissed without prejudice.

It is further ordered that Plaintiff's motion for extension of time (ECF No. 31) is denied.

It is further ordered that Plaintiff's motion for certificate of appealability (ECF No. 34) is denied. Certificates of appealability are required to appeal the denial of a habeas petition under 28 U.S.C. § 2253(c). As Plaintiff asserts in this motion, he is pursuing claims under 42 U.S.C. § 1983.

The Clerk is instructed to close this case.

DATED THIS 8th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4]As of the date of this order, Plaintiff has not filed an IFP application or an amended complaint.